IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00114-MR

NAFIS AKEEM-ALIM ABDULLAH-MALIK,[1]  )
                                      )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )
                                      )
EDDIE CATHEY, et al.,                 )        ORDER
                                      )
            Defendants.               )
_____)

**THIS MATTER** is before the Court on the pro se Plaintiff's Complaint [Doc. 1], and miscellaneous Motions [Docs. 2, 3, 10, 11, 12, 13, 14, 16]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

The pro se Plaintiff, who is a pretrial detainee at the Mecklenburg County Jail (MCJ), filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Union County Jail between July 29, 2020 and December 19, 2020. [Doc. 1]. He names as Defendants: Eddie Cathey, the Sheriff of Union County; D. Rogers, a Union County Sheriff's

---

[1] According to the Mecklenburg County Sheriff's Office website, the Plaintiff's name is Nafis Akeem Abudllah Malik. See https://mecksheriffweb.mecklenburgcountync.gov/ Inmate/Details?pid=0000213386&jid=20051671&activeOnly=True&prisType=ALL&maxr ows=48&page=1 (last accessed May 3, 2022); Fed. R. Evid. 201.

Office captain/jail administrator; FNU Purser, FNU Rucker, and FNU Philmore, UCJ sergeants; Pam LNU and FNU Spears, who are nurses; and FNU Kiker, FNU Grooms, K. Martin, FNU Hodgens, and "John-Jane Doe," who are described as "Unknown Agents;" Bill Beam, the Sheriff of "Lincolnton County"; Kevin Tolson, a York County warrant supervisor; Lori Fields, whose position the Plaintiff fails to identify; Mike Miller, a Lincolnton district attorney; and "Jane-John Does," "Lincolnton County" detention officers. [Doc. 1 at 4-7]. He claims violations of "(1st) (4th) (5th) (6th) (8th) and (14th) Amendments, N.C. Gen. Stat. Chpt 17 habeas corpus N.C. Gen. Stat. § 15A 601-603." [Doc. 1 at 3]. The Complaint is partially illegible, and the allegations are disorganized such that it is difficult to identify the claims and to determine the Defendant(s) to whom each claim is directed. [Id. at 3-11]. The Plaintiff alleges that he has suffered physical and emotional injuries; he seeks a declaratory judgment, punitive and compensatory damages, and costs and fees. [Id. at 7].

Presently pending are miscellaneous Motions [Docs. 2, 3, 10, 11, 12, 13, 14, 16] that address the instant case, as well as several of the Plaintiff's other cases. [See, e.g., Case Nos. 3:22-cv-00667-MR, 3:22-cv-118-MR]. In these Motions, the Plaintiff presents piecemeal allegations, and seeks

various relief, including leave to amend [Docs. 3, 12, 16] and the appointment of counsel [Doc. 2].

These Motions fail to comply with the most basic pleading requirements as well as this Court's Order of Instructions. [See Doc. 3]. Therefore, they will be stricken. See Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief…."); Fed. R. Civ. P. 10(a) ("Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation…."); Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (the courts are not required to be "mind readers" or "advocates" for incarcerated or pro se litigants.).

The Court will, however, separately address the Plaintiff's requests for leave to amend and for the appointment of counsel.

As a general matter, a court may permit a party to serve a supplemental pleading setting out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented…." Fed. R. Civ. P. 15(d). Further, a plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after

service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Plaintiff may file a superseding Amended Complaint within 30 days of this Order. The Plaintiff must submit his Amended Complaint on a § 1983 form, clearly identify the Defendants against whom he intends to proceed, and set forth facts describing how each of the Defendants allegedly violated his rights. See generally Fed. R. Civ. P. 10(a). Any Amended Complaint will be subject to all timeliness and procedural requirements, and will supersede the Complaint. Piecemeal pleading will not be allowed. If the Plaintiff fails to timely amend his Complaint in accordance with this Order, the Court will proceed to review the original Complaint [Doc. 1] for frivolity pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Plaintiff also seeks the appointment of counsel to represent him. The Plaintiff suggests that the case is too complex for him to litigate effectively and that he is experiencing difficulties due to his incarceration. [Doc. 2 at 2]. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a

private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of extraordinary circumstances, and accordingly, the Court finds that the appointment of counsel is not warranted at this juncture.

The Plaintiff is cautioned that future filings that are frivolous, duplicative, fail to comply with the Court's Orders or the applicable procedural rules, address more than one case number, or are otherwise abusive or improper will be stricken without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's pending Motions [Docs. 2, 3, 10, 11, 12, 13, 14, 16] are **STRICKEN** as improper filings.
2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to timely comply with this Order, the Court will proceed on initial review of the original Complaint [Doc. 1].

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 form along with a copy of this Order.

**IT IS SO ORDERED.**

Signed: May 5, 2022

Martin Reidinger
Chief United States District Judge