# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:22-cv-00114-MR

| | |
|---|---|
| NAFIS AKEEM-ALIM ABDULLAH-MALIK, ) ) ) Plaintiff, ) ) vs. ) ) EDDIE CATHY, et al., ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** is before the Court on several pro se Motions filed by the Plaintiff [Docs. 22, 27, 29, 31].

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was confined at the Mecklenburg County Jail (MCJ), addressing incidents that allegedly occurred at the Union County Jail in 2020. [Doc. 1]. He is presently incarcerated at the North Carolina Central Prison.[1] [See Doc. 37]. The Amended Complaint passed initial review against several Defendants for the use of excessive force and sexual contact, unconstitutional conditions of

---

[1] The Plaintiff filed a Letter that was docketed as a Motion on August 29, 2022, asking the Court to "extend all matters" because he anticipated being transferred from MCJ. [Doc. 34]. This request is moot insofar as the Plaintiff has now been transferred to Central Prison. In any event, the Plaintiff was previously informed that "[o]nly Motions will be ruled on by the Court." [Doc. 4 at ¶ 5]. Accordingly, the Clerk will be instructed to terminate the Letter.

confinement, deliberate indifference to a serious medical need, and retaliation. [Doc. 20]. The Defendants were served and have filed an Answer. [Doc. 24].

Before the Answer was docketed, the Plaintiff filed a Motion asking the Court to stay this case until he undergoes spinal surgery and recovers from the same. [Doc. 22]. He asks the Court to stay this action "until future notice & recovery of Plaintiff…." [Id.]. The Defendants filed a Response in Opposition to the Motion [Doc. 28], and the Plaintiff filed a Reply [Doc. 32].

The Plaintiff subsequently filed a Motion for Temporary Restraining Order[2] in which he complains that he has been "kidnapped without recourse," that he lacks access to an adequate law library at MCJ, and that a multitude of other constitutional rights are being violated. [Doc. 27 at 11]. The Defendants filed a Response in Opposition to the Motion. [Doc. 30].

The Plaintiff then filed two Motions[3] that reiterate his requests to stay this action and to issue a temporary restraining order; seek an extension of time to respond to the Defendants' Answer; and request the appointment of

---

[2] Titled "Petition TRO's Temporary Restraining Order Pursuant F.R. Civ. P. 65."

[3] Titled "Motion to Extend Response Answer Time," and "Motion to Expand & Support Stay & Response Reply Answer Time."

2

counsel. [Docs. 29, 31]. The Court will consolidate the various requests contained in the Plaintiff's Motions and will address them in turn.[4]

### A. Motion for Stay

A court has the inherent authority to stay proceedings of a case, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The determination of whether to grant a motion to stay requires a balancing "of various factors relevant to the expeditious and comprehensive disposition of the cases of action on the court's docket." United States v. Georgia Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983).

Here, the Plaintiff has failed to support his request for an indefinite stay with a showing of clear and convincing circumstances, and the balancing of the relevant factors does not weigh in favor of entering a stay at this time. Accordingly, his request for a stay is denied.

---

[4] The Plaintiff's Motions are repetitive and scattershot. Any subclaim or argument not specifically addressed in this Order has been considered and rejected.

3

Case 3:22-cv-00114-MR    Document 39    Filed 09/28/22    Page 3 of 6

### B. Temporary Restraining Order

The Plaintiff's request to issue a temporary restraining order so that he will not be deprived of various constitutional rights at MCJ is moot insofar as he no longer resides there. See generally Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) ("the transfer of an inmate from a unit or location where he is subject to [a] challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief."). Moreover, to the extent that the Plaintiff seeks to challenge the fact or duration of his confinement, he was previously informed in another action before this Court that he should do so, if at all, in habeas corpus action. See Malik v. Mecklenburg County Jail Administrator, 3:21-cv-00667-MR, 2022 WL 827259 (W.D.N.C. March 17, 2022). Accordingly, his request for a temporary restraining order is denied.

### C. Extension of Time

The Plaintiff's request for an extension of time to respond to the Defendants' Answer is moot insofar as he has now filed a Reply to Defendants' Answer to Complaint. [Doc. 33]. Moreover, the Federal Rules of Civil Procedure provide that a reply to an answer may be filed "only" if the court orders one. Fed. R. Civ. P. 7(a)(7). The Court has not ordered the

4

Case 3:22-cv-00114-MR    Document 39    Filed 09/28/22    Page 4 of 6

Plaintiff to respond to the Defendants' Answer and, therefore, his Reply is unauthorized and is stricken. See generally Dietz v. Bolden, 579 U.S. 40 (2016) (district courts have the inherent authority to control their dockets with a view towards the efficient and expeditious resolution of cases); Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138 (4th Cir. 2009) (same).

### D. Appointment of Counsel

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Here, the Plaintiff claims that he needs the "effective assistance of counsel" due to his "chronic health issues" and the conditions of confinement at MCJ, in order to ensure that his constitutional rights are not violated. [Doc. 31 at 7-8]. The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel, and he no longer resides at MCJ as discussed *supra*. Accordingly, his request for the appointment of counsel is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's pending Motions [Docs. 22, 27, 29, 31] are **DENIED** as stated in this Order.

2. The Plaintiff's Reply to Defendants' Answer to Complaint [Doc. 33] is **STRICKEN**.

3. The Clerk is respectfully instructed to **TERMINATE** the Letter [Doc. 34] that was docketed as a Motion.

**IT IS SO ORDERED**.

Signed: September 27, 2022

Martin Reidinger
Chief United States District Judge