IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00114-MR

| | |
|---|---|
| NAFIS AKEEM-ALIM ABDULLAH MALIK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANDY MASSEY, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motions seeking an extension of the deadlines in the Pretrial Order and Case Management Plan [Docs. 41, 42], which the Court previously construed as renewed Motions to Stay [see Doc. 44], and the Defendants' Response in Opposition to the Plaintiff's Motions [Doc. 45].

The pro se incarcerated Plaintiff filed this case pursuant to 42 U.S.C. § 1983 addressing incidents that occurred at the Union County Jail.[1] [Doc. 1]. The Amended Complaint passed initial review in part, and the

---

[1] The Plaintiff filed this action while he was a pretrial detainee at the Mecklenburg County Jail. [Doc. 1-1]. He was convicted on August 2, 2022; he was transferred to the North Carolina Central Prison on August 23, 2022; and he was transferred to the Lumberton Correctional Institution on October 31, 2022. [See Docs. 37, 41, 44].

Defendants were served and filed an Answer. [Docs. 20 24]. In August 2022, the Plaintiff moved to stay this action "until further notice" because he expected to have spine surgery at some future date. [Doc. 22]. The Defendants opposed the stay. [Doc. 28]. The Court denied the Motion because the Plaintiff had failed to adequately support his request for an indefinite stay by a showing of clear and convincing circumstances at that time. [Doc. 39]. The Court entered a Pretrial Order and Case Management Plan setting the deadline to amend and add parties on November 9, 2022, the discovery cutoff date as January 18, 2023, and the deadline to file dispositive motions on February 17, 2023. [Doc. 40].

The Plaintiff now renews his Motion for Stay because he experienced several institutional transfers, and because he anticipates receiving surgery for a spine condition, which causes "extreme pain and numbness," in January 2023. [Doc. 42 at 4]. He explains that he has been transferred in preparation for the upcoming surgery; that he is presently being housed in a medical unit for nursing and doctor's appointments; and that his spine condition, surgery preparation, and anticipated recovery time will prevent him from satisfying the scheduling order deadlines until approximately eight weeks after the surgery, in approximately March 2023. [Id.]. In support of his Motions, the Plaintiff has filed a Letter from Novant Health Spine

2

Specialists, dated October 25, 2022, stating that he has "severe cervical stenosis with myelopathy" and that a "posterior cervical decompression and fusion [is] to be completed in the next few months." [Doc. 43 at 1]. The Defendants again oppose the stay because the Plaintiff has not adequately supported his request, and because the Plaintiff's filings indicate that he is able to litigate this action until such time as he has a firm surgery date and definite recovery period. [Doc. 45].

On January 10, 2023,[2] the Plaintiff filed a "Notice of Potential Change of Address" stating that his spine surgery is "tentatively scheduled" for January 2023, and that his recovery period will require transfer for follow-up appointments, therapy, and treatment.[3] [Doc. 46 at 1]. According to the North Carolina Department of Adult Correction's (NCDAC) website, the Plaintiff was moved from Lumberton CI on January 19, 2023, at which point

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[3] The Court will not require the Plaintiff to provide definitive dates for his appointments, surgery, recovery, or future transfers. See generally NCDPS Policy & Procedure F.1102(h) (offenders are not provided with prior information regarding the time of transportation); White v. Smith, 2022 WL 108599 (W.D. Va. Jan. 11, 2022) (noting that a Virginia inmate likely did not know the actual dates of his pre-operative visits or surgery, because offenders are not told the exact dates or times of their outside medical appointments for security reasons).

his address was "NOT PUBLIC INFORMATION."[4]  The website indicates that he returned to Lumberton CI on January 21, 2023.  [Id.].

A court has the inherent authority to stay proceedings of a case, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  The determination of whether to grant a motion to stay requires a balancing "of various factors relevant to the expeditious and comprehensive disposition of the cases of action on the court's docket."  United States v. Georgia Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977).  "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative."  Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983).

It appears that the Plaintiff may have now received his anticipated spine surgery.  In any event, his recent transportation justifies staying the pretrial deadlines in this case, at least temporarily.  The Plaintiff shall file a written Notice with the Court by February 24, 2023 informing the Court of his readiness to resume litigating this case.  If the Plaintiff seeks additional time,

---

[4] See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0574723&searchOffenderId=0574723&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Jan. 26, 2023); see Fed. R. Evid. 201.

4

Case 3:22-cv-00114-MR   Document 47   Filed 01/30/23   Page 4 of 5

he must file a doctor's letter in support of that request, including the date on which he is reasonably expected to be able to resume litigating this case. Should the Plaintiff fail to comply, this action will be dismissed without prejudice for lack of prosecution.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's renewed Motion to Stay [Docs. 41, 42] is **GRANTED**, and this matter is **STAYED** until **February 24, 2023**.

2. The Plaintiff shall file a Notice, no later than **February 24, 2023**, informing the Court of his readiness to resume litigating this case. If he seeks additional time, he must file a doctor's note justifying a further stay that includes the date upon which it is expected that he will be able to resume litigating this case. His failure to do so will result in this action's dismissal without prejudice for lack of prosecution.

**IT IS SO ORDERED**.

Signed: January 27, 2023

Martin Reidinger
Chief United States District Judge

5

Case 3:22-cv-00114-MR   Document 47   Filed 01/30/23   Page 5 of 5