IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00114-MR

| | |
|---|---|
| NAFIS AKEEM-ALIM ABDULLAH MALIK, ) ) ) Plaintiff, ) ) vs. ) ) EDDIE CATHY, et al., ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion to Renew Stay" [Doc. 54].

The pro se incarcerated Plaintiff filed this case pursuant to 42 U.S.C. § 1983 addressing incidents that occurred at the Union County Jail.[1] [Doc. 1]. After the Amended Complaint passed initial review in part, the Defendants were served and filed an Answer, and the Court entered a Pretrial Order and Case Management Plan. [Docs. 20, 24, 40].

On January 30, 2023, the Court granted the Plaintiff a temporary stay to accommodate a scheduled spinal surgery and a period of recovery. [Doc. 47]. The Court ordered the Plaintiff to file a Notice, by February 24, 2023,

---
[1] The Plaintiff is now in the custody of the North Carolina Department of Adult Corrections.

informing the Court of his readiness to resume litigating this case. [Id.]. He was informed that a request for additional time would need to be accompanied by a doctor's note indicating the date upon which it is expected that he will be able to resume litigating this case. [Id.].

On February 24, 2023,[2] the Plaintiff filed a Notice, accompanied by a doctor's note, stating that he will require additional time, until approximately May 22, 2023, to recover from his surgery sufficiently to resume litigating this case. [Docs. 48, 48-1]. In an Order entered on March 10, 2023, the Court construed the Notice as a renewed Motion to Stay and granted it until May 22, 2023. [Doc. 52]. The Court ordered the Plaintiff to file a written Notice with the Court by May 22, 2023 informing the Court of his readiness to resume litigating this case. The Court advised the Plaintiff that if he sought additional time, he would have to file a doctor's letter in support of that request, including the date on which he is reasonably expected to be able to resume litigating this case. The Plaintiff was further cautioned that, should the Plaintiff fail to comply, this action would be dismissed without prejudice for lack of prosecution. [Id.].

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

The Plaintiff subsequently filed a Notice in April 2023, asserting that, on April 12, 2023, his spine specialist tentatively predicted that the Plaintiff will be able to continue litigating this case on July 22, 2023. The Plaintiff claimed that prison officials were not allowing the Plaintiff to document such with a doctor's note. He sought the Court's assistance in obtaining the note, and an additional stay. [Doc. 52]. The Court denied the Plaintiff's Motion as moot, noting that the Plaintiff had adequate time to continue healing and, if necessary, to obtain and submit a doctor's note to request an additional stay from the Court before the stay expired on May 22, 2023. [Doc. 53].

The Plaintiff now returns to the Court, seeking an extension of the stay. For grounds, the Plaintiff asserts that his doctor's note was confiscated and that prison officials have refused to return the note to him so that he can submit it to the Court. He renews his request to stay this action until July 22, 2023. [Doc. 54].

Under the circumstances, the Court will grant another 60-day stay. The Plaintiff should be prepared to resume litigating this action no later than July 22, 2023. Once the stay is lifted, the Court will enter an Amended Pretrial Order and Case Management Plan.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's pro se "Motion to Renew Stay" [Doc. 54] is **GRANTED**, and this matter is hereby **STAYED** until **July 22, 2023**.

**IT IS SO ORDERED**.

Signed: May 17, 2023

Martin Reidinger
Chief United States District Judge