IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00114-MR

| | |
|---|---|
| NAFIS AKEEM-ALIM ABDULLAH-MALIK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EDDIE CATHY, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Extension of Time F.R. Civ. P. 6(b)1" [Doc. 83], "Motion (1) to Re-Introduce Discovery Evidence in Record (2) Unseal Medical Documents for Sole Purpose of Supporting Guideline and This Proceeding Only (3) Reinstate, Renew, Reconsider Motions" [Doc. 84], and "Motion Issuance of Subpoena Pursuant F.R. Cv. P. 45" [Doc. 87].

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was confined at the Mecklenburg County Jail (MCJ), addressing incidents that allegedly occurred at the Union County Jail in 2020.[1] [Doc. 1]. The

---
[1] The Plaintiff is currently incarcerated in the North Carolina Department of Adult Corrections.

Amended Complaint passed initial review against several Defendants who were served and filed an Answer. [Docs. 20, 24]. On September 28, 2022, the Court entered a Pretrial Order and Case Management Plan that set deadlines to amend, conduct discovery, and file dispositive motions. [Doc. 40]. On January 30, 2023, the Court stayed this action while the Plaintiff received, and recovered from, surgery. [See Docs. 47, 49, 55]. On August 15, 2023, the Court lifted the stay and amended the pretrial deadlines: until October 16, 2023 to complete discovery; and until November 16, 2023 to file dispositive motions. [Doc. 58]. The Court extended the deadline to file dispositive motions until December 1, 2023 on Defendants' Motion. [Nov. 15, 2023 Text-Only Order].

The Defendants timely filed a Motion for Summary Judgment. [Doc. 64]. The Plaintiff responded [Doc. 71], the Defendants filed a reply [Doc. 73], and the Plaintiff filed a Surreply[2] [Doc. 75]. On March 18, 2024, the Court informed the Plaintiff of his right to respond pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and granted him another 30 days to do so in an abundance of caution. [See Doc. 80 at 2, n.1]. The Plaintiff filed

---

[2] Titled "Plaintiff Re-Reply…."

another Response.[3] [Docs. 86, 86-1]. The Defendants do not intend to reply. [Doc. 91].

The Plaintiff's present request for an extension of time to respond to the Roseboro Order [Doc. 83] is denied as moot because the Plaintiff has timely filed a Response [Doc. 86].

The Plaintiff also seeks to compel discovery from the Defendants, *inter alia,* "full disclosure of Plaintiff Request for Production of Documents, First Interrogatories, and Admission…." [Doc. 83 at 1; Doc. 84; see Doc. 60]. The Plaintiff does not certify that he attempted in good faith to resolve the discovery disputes before engaging the Court's assistance. The lack of certification alone warrants the denial of the Motions. See Fed. R. Civ. P. 37(a)(1); see also LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied."). Moreover, the Plaintiff filed these Motions several months after discovery deadline closed and the Defendants filed their Motion for Summary Judgment. [See Docs. 58, 64]. The Plaintiff did not timely seek an extension

---

[3] Titled "Plaintiff Motion Opposition to Summary Judgment" and "Opposition Memorandum of Law…."

3

of those deadlines or to reopen discovery and, in any event, the Plaintiff has failed to demonstrate good cause for doing so. See generally Fed. R. Civ. P. 16(b)(4) (a scheduling order may be modified "only for good cause and with the judge's consent"); Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986) (the court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery"). Accordingly, the Motions seeking to compel discovery are denied.

The Plaintiff also seeks the issuance of subpoenas to secure witnesses and to obtain discovery from the Union County Jail/Union County Sheriff's Office, Mecklenburg County Jail Central/Mecklenburg County Sheriff's Office, Rowan County Jail/Rowan County Sheriff's Office, and Lincoln County Jail/Lincoln County Sheriff's Office. [Doc. 87]. This request is untimely and inadequately justified. It is, therefore, denied for the reasons discussed *supra.*

The Plaintiff appears to seek leave to rely on portions of the record, including sealed documents, in opposing the Defendants' Motion for Summary Judgment. [Doc. 84]. He also requests an evidentiary hearing on the disputed summary judgment facts, transportation to the Mecklenburg County Jail so that he can attend an evidentiary hearing, and a jury trial. [Id.

4

at 6-7]. These requests are moot because, as part of its summary judgment analysis, the Court will consider relevant portions of the record, including sealed documents, in determining whether an evidentiary hearing is required and whether the case should proceed to a jury trial.

The Plaintiff seeks reconsideration of the Order denying his Motions seeking the appointment of counsel [Doc. 76] and a temporary restraining order [Doc. 79]. [Doc. 84; see Doc. 80]. Where a district court issues an order "'that adjudicates fewer than all of the claims,' the court retains discretion to revise such order 'at any time before the entry of a judgment adjudicating all the claims.'" Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). Courts "treat[ ] interlocutory rulings as law of the case" and can therefore "revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" Id. (second alteration in original) (quoting Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003)).

First, the Plaintiff contends that counsel should be appointed because he cannot afford counsel and has been unable to procure an attorney; the issues are complex in that they deal with claims of physical and mental

5

abuse, and different sets of Defendants, some of whom are supervisory officials; the Plaintiff lacks access to a law library and to resources such as typing and copying; he is unable to investigate the facts, locate witnesses, interview and depose them while he is imprisoned; a medical expert is needed for certain claims; and the Plaintiff has requested a jury trial.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." <u>Jenkins v. Woodard</u>, __ F.4th __, 2024 WL 3490967, at *5 (4th Cir. July 31, 2024) (citing <u>Brock v. City of Richmond</u>, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "The district court's failure to make these assessments is legal error." <u>Id.</u> at *5. Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present

it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at *4 (quoting Whisenant, 739 F.2d at 162).

The Plaintiff has failed to demonstrate that the appointment of counsel is warranted. He has no free-standing right to a law library or to legal assistance. See Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977)). North Carolina inmates are provided access to the courts by North Carolina Prisoner Legal Services (NCPLS). See Wrenn v. Freeman, 894 F.Supp. 244 (E.D.N.C. 1995). The Plaintiff's contention that he lacks access to a "law library" is, therefore, unavailing. Strickler v. Waters, 989 F.2d 1375, 1385 (4th Cir. 1993) ("Bounds did not hold that there is a right of access to a law library; it held that there is a right of access to the *courts*."). Nor is he entitled to free litigation services such as photocopying, typing, expert witnesses, or discovery. See generally United States v. MacCollum, 426 U.S. 317, 321 (1976) ("expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress"); Pickens v. Lewis, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (noting that 28 U.S.C.§ 1915 does not authorize the payment of litigation expenses, and "[o]rdinarily, the plaintiff must bear the costs of his litigation ... even in pro se cases"). The Plaintiff's contention that his case is particularly complex

7

is not supported by the record, which shows neither an unusually large number of Defendants or particularly complex claims, or that the Plaintiff has had any undue difficulty in presenting his case to the Court. The Plaintiff's arguments that his incarceration and limited legal knowledge will hinder his ability to litigate this case fail to distinguish him from most pro se incarcerated litigants. The Plaintiff's contention that a jury trial warrants the appointment of counsel is moot because, if the case survives summary judgment, the Court will give the Plaintiff the opportunity to request volunteer counsel through the Court's Prisoner Assistance Program. See https://www.ncwd.uscourts.gov/prisoner-assistance-program. In short, the Plaintiff has not shown that exceptional circumstances exist such that he needs the assistance of an attorney in order to present a colorable claim.[4]

Second, the Plaintiff contends that a temporary restraining order should have been granted so that his litigation of this case will not be impeded at the Pender CI. [Doc. 79]. The Motion for a temporary restraining order was denied because the Plaintiff failed to satisfy the requirements for preliminary injunctive relief. [Doc. 80]. The Plaintiff's present request to

---

[4] Although this case has passed the very low bar of initial frivolity review, the Court is particularly skeptical of the potential merit of the Plaintiff's § 1983 claims, and of his professed need for counsel, in light of his history of abusive litigation. See, e.g., Case No. 3:21-cv-00667-MR.

8

Case 3:22-cv-00114-MR   Document 93   Filed 08/12/24   Page 8 of 9

reconsider that denial is moot, as the Plaintiff no longer resides at Pender CI. See generally Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) ("the transfer of an inmate from a unit or location where he is subject to [a] challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief.").

**IT IS, THEREFORE, ORDERED** that the Plaintiff's pending Motions [Docs. 83, 84, 87] are **DENIED.**

**IT IS SO ORDERED**.

Signed: August 12, 2024

Martin Reidinger
Chief United States District Judge

9

Case 3:22-cv-00114-MR   Document 93   Filed 08/12/24   Page 9 of 9