# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:22-cv-00114-MR

| | |
|---|---|
| **NAFIS AKEEM-ALIM ABDULLAH-MALIK,**[1] | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| **EDDIE CATHEY, et al.,** | )<br>)   **ORDER** |
| Defendants. | )<br>)<br>) |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Miscellaneous Motion 1. Change of Address 2. To Retrieve DC/DVDs & Thumb Drives 3. Order to Release Stored Legal & Personal Property" [Doc. 96].

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was confined at the Mecklenburg County Jail (MCJ), addressing incidents that allegedly occurred at the Union County Jail in 2020. [Doc. 1]. He is now

---

[1] According to the website for the North Carolina Department of Adult Corrections ("NCDAC"), the Plaintiff's name is Nafis A. Malik. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0574723&searchOffenderId=0574723&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Sept. 13, 2024); Fed. R. Evid. 201.

incarcerated in North Carolina's Central Prison, with a projected release date of September 28, 2024. [See Doc. 96 at 7].

The Amended Complaint passed initial review against several Defendants for: the use of excessive force and sexual contact, and the Court exercised supplemental jurisdiction over Plaintiff's related North Carolina assault and battery claims; imposing unconstitutional conditions of confinement on Plaintiff; deliberate indifference to a serious medical need; and retaliation. [Docs. 18, 20]. On September 13, 2024, the Court granted the Defendants' Motion for Summary Judgment and denied the Plaintiff's Motion to Stay the case until October 28, 2024 due to his recent transfer to Central Prison, the temporary withholding of his property, and his upcoming anticipated release. [Doc. 97].

Presently pending before the Court is the Plaintiff's "Motion" in which he, *inter alia*, notifies the Court of his change of address; requests a stay of this matter until a month after his release from custody; complains about the "abnormal" conditions of his confinement including his access to hygiene products and medical treatment, the storage of his legal materials, and his present inability to access the digital exhibits in this case; and seeks reconsideration of the Court's Order [Doc. 79] denying his Motion for a Temporary Restraining Order. [Doc. 96].

As a preliminary matter, this filing is improper insofar as the Plaintiff seeks to change his address with the Court in addition to seeking other relief. The Plaintiff was instructed at the outset of this case that "[a] change of address must be labeled 'Notice of Change of Address' and must not include any motions or information except for the new address and the effective date of that change" [See Doc. 4 at ¶ 3 (Order of Instructions)]. Accordingly, the Motion is construed as a Notice of Change of Address and the remaining requests for relief are denied as improper.

Even if the Plaintiff's additional requests were considered, they would be denied because the Plaintiff has failed to establish that any relief is warranted. The Court has already considered, and denied, his request to stay this matter. [Doc. 97 at 33-34]. The Plaintiff's additional arguments in this regard are unavailing, and he has failed to demonstrate that a stay is warranted at this juncture.

The Plaintiff's complaints about his present conditions of confinement, including his alleged lack of access to the digital files in this case, are irrelevant because briefing in this case is complete, the matter has been resolved, and the Plaintiff's release from custody is imminent. See generally Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

As to his request that the Court reconsider the denial of his Motion for a Temporary Restraining order, the Court denied relief because the Plaintiff failed to demonstrate any of the elements warranting preliminary injunctive relief. [Docs. 79, 80 at 7-8]. The Plaintiff's present expression of disagreement with that determination does not warrant relief.

Accordingly, assuming *arguendo* that the Plaintiff's requests for relief were properly before the Court, they would be denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Miscellaneous Motion 1. Change of Address 2. To Retrieve DC/DVDs & Thumb Drives 3. Order to Release Stored Legal & Personal Property" [Doc. 96] is construed as a Notice of Change of Address and his additional requests for relief are **DISMISSED AND DENIED.**

**IT IS SO ORDERED**.

Signed: September 22, 2024

Martin Reidinger
Chief United States District Judge